FILED

11/04/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2019

## STATE OF TENNESSEE v. DAVID MITCHELL BENTLEY

**Appeal from the Criminal Court for Davidson County
No. 2017-A-504     Seth W. Norman, Judge**

_____

### No. M2018-01636-CCA-R3-CD

_____

The Appellant, David Mitchell Bentley, pled guilty in the Davidson County Criminal Court to reckless aggravated assault, a Class D felony, and leaving the scene of an accident resulting in injury, a Class A misdemeanor. After a sentencing hearing, the trial court ordered that he serve consecutive sentences of three years and eleven months, twenty-nine days, respectively, in confinement. On appeal, the Appellant contends that we should remand this case to the trial court for a new sentencing hearing. In the alternative, he contends that the trial court improperly enhanced his felony sentence and failed to apply mitigating factors, that the trial court erred by ordering consecutive sentencing, and that the trial court erred by ordering that he serve his sentences in continuous confinement. Based upon the record and the parties' briefs, we conclude that a new sentencing hearing is necessary because the trial court failed to place any findings on the record with regard to applicable enhancement factors, the order of consecutive sentencing, and the denial of alternative sentencing. Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed,
Case Remanded**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Emma Rae Tennent (on appeal) and Keeda Haynes (at trial), Nashville, Tennessee, for the appellant, David Mitchell Bentley.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Dan Hamm and Rebecca Valiquette, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## I.  Factual Background

In March 2017, the Davidson County Grand Jury indicted the Appellant for tampering with evidence in count one, leaving the scene of an accident resulting in injury in count two, failing to report an accident in count three, and driving on a revoked license, second offense, in count four.  On May 3, 2018, the Appellant pled guilty to an amended charge of reckless aggravated assault in count one and leaving the scene of an accident resulting in injury in count two, and the State dismissed the remaining counts.  At the plea hearing, the State gave the following factual account of the crimes:

> [T]he proof would show that in Count 1, we would amend that count to reckless aggravated assault.  On his plea of guilty to that, the sentence would be -- there'd be a sentencing hearing, but the facts would be that:  On or about the 17th day of October, 2016, the defendant did act in a way that would cause people at large, due to his driving, to be under fear of great bodily harm due to his reckless driving.  On his plea of guilty to that charge, there would be a sentencing hearing at a later date.
>
> On his plea of guilty to Count 2, the facts would show that:  On or about the same day, the defendant did leave the scene of an accident, involving a motor vehicle accident, without giving aid or comfort or notifying the proper authority, violating the statute, leaving the scene of an accident.  On his plea of guilty to that, there would be a request for a sentencing hearing at a later date.

Before the Appellant's sentencing hearing, the State filed a notice for enhanced punishment based upon the Appellant's having a prior conviction of driving under the influence (DUI) and evading arrest and a motion for consecutive sentencing based upon his being an offender whose criminal record was extensive.  The State also filed a statement of enhancement factors, arguing that the following factors applied to his felony sentence:  (1) "[t]he defendant has a previous history of . . . criminal behavior, in addition to those necessary to establish the appropriate range"; (4) "[t]he victim of the offense was particularly vulnerable because of age or physical or mental disability"; (6) "[t]he personal injuries inflicted upon, or the amount of damage to property sustained by or taken from, the victim was particularly great"; and (9) "[t]he defendant possessed or

employed a firearm, explosive device or other deadly weapon during the commission of the offense." Tenn. Code Ann. § 40-35-114(1), (4), (6), (9).

At the Appellant's August 15, 2018 sentencing hearing, David Lloyd testified that on October 17, 2016, he was walking home from a store when a vehicle being driven by the Appellant hit him. The Appellant did not stop. Lloyd, who had poor vision prior to the incident, was in intensive care at Vanderbilt Hospital for one month, spent an additional two months in the hospital, and was left totally blind. He said that he used to be able to work, even with his poor vision. After the incident, though, he could not find a job, and his long-term memory was "obliterated." He said he knew his way around his house and could microwave food but could no longer cook, clean, or go to the store. He stated that he received Social Security disability, that his parents and brother helped him with his day-to-day living, and that he spent his days eating and listening to the television. Lloyd requested that the trial court order consecutive sentencing and that the Appellant spend a "significant" amount of time in prison to think about how he had affected Lloyd's life.

The Appellant testified that he was forty-two years old, married, and had two children who were twenty-one and fifteen years old. Prior to his incarceration in this case, he had a job working in drywall construction and earned $560 to $600 per week. In describing his hitting the victim, he stated, "They act like I ran someone over, but I, I struck [Lloyd]." He explained that about 7:30 p.m. on October 17, 2016, he was driving to pick up his son from soccer. His side mirror hit Lloyd. Lloyd was about sixty feet from a crosswalk, it was dark outside, and the Appellant did not see Lloyd. The Appellant said he heard "a thump" and looked in his rearview mirror but did not see anything. He did not know he had hit a person until he watched the news later that night.

The Appellant testified that he was not intoxicated when he hit Lloyd but acknowledged having prior issues with drugs and alcohol. In 2005, the Appellant was put on probation and received treatment. He said he successfully completed probation and could work and pay restitution to Lloyd if placed on probation in this case. The Appellant stated that he did not intentionally hit Lloyd and that "I'm sorry. I wish I could change it, but I can't. I'm sorry I altered your life."

On cross-examination, the Appellant testified that he did not call the police after he learned he had hit Lloyd because he was driving without a license. He acknowledged having prior convictions for driving on a suspended license. He said that he drank one beer "occasionally" but was not intoxicated when he hit Lloyd. In 2005, the Appellant received probation for driving under the influence and evading arrest. He acknowledged that he fled from the police in that case because he was driving without a license. He also acknowledged that his sentencing hearing in this case originally was scheduled for July

- 3 -

25 and that he failed to appear. He said that he was jailed after not showing up for court and that he had "no excuse" for failing to appear.

The State introduced the Appellant's presentence report into evidence. According to the report, the Appellant was suspended from high school for fighting in the twelfth grade and did not obtain a high school diploma or GED. In the report, the Appellant described his mental and physical health as "fair" but did not report any mental or physical health issues. The Appellant reported that he had a problem with alcohol in his youth and that he received drug and alcohol treatment. At the time of the presentence report, he consumed one or two twenty-four-ounce beers "on occasion." The Appellant also said in the report that he began using marijuana when he was sixteen years old and cocaine when he was twenty-six years old but that he had not used either drug since 2012. The report showed that the Appellant worked as a subcontractor for his father for twenty-four years and that he had numerous prior convictions including convictions of DUI, fourth offense; evading arrest; possession of drug paraphernalia; casual exchange; driving on a revoked license; resisting arrest; violating the implied consent law; contributing to the delinquency of a minor; and driving while impaired.

At the conclusion of the hearing, the trial court stated as follows:

> Well, the defendant is a Range 1 offender. That's all there is to it. There are enhancement factors that do apply. It's the judgment of the Court, he be sentenced to the workhouse for a period, in the Count 1, for 3 years as a Range 1 standard offender at 30 percent. And Count 2, he be sentenced for 11 months and 29 days. Those sentences will run consecutive, one to the other, and they will be a sentence to serve. Judgment of the court.

## II. Analysis

On appeal, the Appellant contends that we should reverse the judgment of the trial court and remand the case for a new sentencing hearing. In the alternative, he contends that we should conduct an independent review with no presumption of reasonableness and conclude that the trial court imposed an excessive sentence and erred by denying his request for alternative sentencing. The State contends that the trial court properly sentenced the Appellant. We conclude that judgment of the trial court should be reversed and the case remanded for a new sentencing hearing.

This court reviews the length, range, and manner of service of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of

reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see also State v. Pollard, 432 S.W.3d 851, 859 (Tenn. 2013) (applying the standard to consecutive sentencing); State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the standard to alternative sentencing). In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the Appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the Appellant to demonstrate the impropriety of his sentence(s). See Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.

A defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The Appellant's sentences meet this requirement. Moreover, a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). In the instant case, the Appellant is considered to be a favorable candidate for alternative sentencing.

The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, a court should consider a defendant's potential or lack of potential for rehabilitation when

determining if an alternative sentence would be appropriate.  <u>See</u> Tenn. Code Ann. § 40-35-103(5).  A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing.  Tenn. Code Ann. § 40-35-102(5).

Here, the trial court found that enhancement factors were applicable but did not specify which factors applied to the Appellant's felony sentence.  "When the court imposes a sentence, it shall place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing."  Tenn. Code Ann. § 40-35-210(e).  Likewise, the trial court failed to make any findings with regard to its imposition of consecutive sentencing pursuant to Tennessee Code Annotated section 40-35-115(b) or its denial of alternative sentencing.  "The record of the sentencing hearing is part of the record of the case and shall include specific findings of fact upon which application of the sentencing principles was based."  Tenn. Code Ann. § 40-35-209(c).  Given the complete lack of findings in this case, we conclude that a new sentencing hearing is in order.

## III.  Conclusion

Based upon the record and the parties' briefs, we remand the case to the trial court for further proceedings consistent with this opinion.

_____
NORMA MCGEE OGLE, JUDGE